S. AMANDA MARSHALL, OSB 95347
United States Attorney
**SCOTT M. KERIN, OSB 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
**GARY Y. SUSSMAN, OSB 873568**
Assistant United States Attorney
Gary.Sussman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone:   (503) 727-1000
Fax: (503) 727-1117

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:08-CR-00095-MO |
| | ) | |
| v. | ) | MOTION TO APPOINT COUNSEL |
| | ) | FOR THE UPCOMING |
| ANDREW FRANKLIN KOWALCZYK, | ) | COMPETENCY HEARING |
| | ) | *Expedited Consideration Requested* |
| Defendant. | ) | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Scott M. Kerin and Gary Y. Sussman, Assistant United States Attorneys, moves the Court to appoint counsel for defendant for the upcoming competency hearing, scheduled for Tuesday, November 26, 2013.

This case has a long and tortured procedural history, particularly with respect to defendant's representation.  During the more than five years this case has been pending, defendant has been represented by no fewer than eight attorneys.  Each one has moved to withdraw.  Defendant's two most recent attorneys – Mark Cross and Noel Grefenson – moved to withdraw after defendant filed civil lawsuits and Oregon State Bar complaints against them.

Both this Court and Judge King explicitly told defendant that Mr. Cross would be his last lawyer, and if defendant did anything to cause him to withdraw, defendant would be deemed to have waived his right to counsel. Defendant assured both this Court and Judge King that he understood. Nonetheless, as the trial date approached, defendant filed a bar complaint and a civil action against Mr. Cross. Thereafter, Mr. Cross moved to withdraw, and this Court ruled that defendant had waived his right to counsel.

At about that same time, the government, based on a psychological report prepared at defendant's request by Dr. Donald True, moved the Court for a competency examination and a competency hearing. The Court granted that motion. Following an examination by Dr. Eric Johnson, the Court found that defendant was not presently competent, and committed him for evaluation and treatment in an attempt to restore his competency.

Defendant was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri ("FMC Springfield"). Following a lengthy evaluation process, Dr. Richart DeMier found defendant competent to proceed to trial. Dr. DeMier found "no mental illness which would preclude [defendant's] ability to understand the nature of the proceedings against him or to assist properly in his defense" (DeMier Report at 36). While defendant has had "significant difficulties working with a number of attorneys," Dr. DeMier believed that those difficulties were more likely the product of "disagreeable personality characteristics" than mental illness (*id.* at 35-36). Dr. DeMier found no "mental disease or defect which would have an adverse impact on [defendant's] ability to proceed with his legal case" (*id.* at 36).

A competency hearing pursuant to 18 U.S.C. § 4247(d) is scheduled for November 26, 2013. Section 4247(d) provides that "the person whose mental condition is the subject of the hearing *shall be represented by counsel* and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him" under the Criminal Justice Act (emphasis added). Several courts of appeals have required the appointment of counsel at competency hearings – even where a defendant affirmatively wishes to represent himself – at least until the district court determines that the defendant is competent to proceed. *See, e.g. United States v. Ross*, 703 F.3d 856, 868-69 (6th Cir. 2012) (the district court violated both § 4247(d) and the Sixth Amendment by allowing the defendant to proceed pro se at a hearing to determine his competency; "a defendant cannot represent himself at his own competency hearing, the purpose of which is to determine whether a defendant understands and can participate in the proceedings in the first place"); *United States v. Klat*, 156 F.3d 1258, 1263 (D.C. Cir. 1998) (finding a Sixth Amendment violation where "the district court found reasonable cause to doubt appellant's competency to stand trial yet failed to appoint counsel to represent her through the resolution of the competency issue"); *United States v. Purnett*, 910 F.3d 51, 56 (2d Cir. 1990) ("where a trial court has sufficient cause to doubt the competency of a defendant to make a knowing and intelligent waiver of the right to counsel, it must appoint counsel – whether defendant has attempted to waive it or not – and counsel must serve until the resolution of the competency issue"). *See also id.* at 55 ("a trial court cannot simultaneously

question a defendant's mental competence to stand trial and at one and the same time be convinced that the defendant has knowingly and intelligently waived his right to counsel").[1]

The government is particularly sensitive to the number of attorneys defendant has burned through. The government is also sensitive to the Court's concern that defendant has engaged in what the Court aptly described as "tactical malingering." Nonetheless, the language of § 4247(d) is clear, as are the holdings of the Second, Sixth, and D.C. Circuits. Accordingly, the government respectfully requests that the Court appoint counsel at least for the purpose of determining defendant's competency to proceed to trial.[2]

DATED this 8th day of November 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

 /s/ Scott M. Kerin
SCOTT M. KERIN
Assistant United States Attorney

 /s/ Gary Y. Sussman
GARY Y. SUSSMAN
Assistant United States Attorney

---

[1] In denying defendant's petition for a writ of mandamus compelling this court to appoint counsel, one Ninth Circuit judge, citing *Klat* and *Purnett*, expressed concern that "a finding of competence made at a hearing at which [defendant] is forced to represent himself pro se may be vulnerable to reversal on appeal." *Andrew Franklin Kowalczyk v. United States District Court for the District of Oregon*, No. 13-71975 (Order filed June 7, 2013) (Watford, J., concurring).

[2] In earlier motions for the appointment of counsel, defendant and his father have suggested that any attorney appointed to represent defendant must be pre-screened and approved by defendant. Neither § 4247(d) nor the Sixth Amendment impose any such requirement.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have made service of the foregoing Motion to Appoint Counsel for the Upcoming Competency Hearing on the party named below by causing to be deposited in the United States Mail at Portland, Oregon, on this 8th day of November 2013, a complete and true copy thereof, addressed to:

>Andrew Franklin Kowalczyk
>SWIS #113745
>Multnomah County Detention Center
>1120 SW Third Avenue
>Portland, Oregon   97204
>
>Defendant, pro se

>   /s/ Gary Y. Sussman
>GARY Y. SUSSMAN
>Assistant United States Attorney