Andrew Franklin Kowalczyk # 113745
11540 NE Inverness Drive
Portland, Oregon 97220

14 NOV '18 07:44 RECVD USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:08-CR-00095-MO |
| | ) | |
| V | ) | MOTION TO RESTRICT GOVERNMENT FROM |
| | ) | USING MATERIAL FROM MR. O'KELLY'S FILES THAT |
| ANDREW KOWALCZYK | ) | IT HAS OR WILL OBTAIN WHICH IS PROHIBITED |
| | ) | BY FEDERAL RULES OF CRIMINAL PROCEDURE, |
| Defendant | ) | RULE 16(b)(2) OR IN THE ALTERNATIVE |
| | | ELIMINATE MR. O'KELLY FROM TESTIFYING |

Mr. Kowalczyk moves the Court to either restrict the Government from using material from Mr. O'Kelly's files that Government has or will obtain through defense attorney which is prohibited by Federal Rules of Criminal Procedure, Rule 16(b)(2) or in the alternative eliminate Mr. O'Kelly from testifying.

**BACKGROUND**

Mr. Kowalczyk requested his attorney Ms. Manes several months ago to bring a highly experienced firearms expert on to his case to ultimately testify at the hearing on his suppression motion. Mr. Kowalczyk felt such an expert could provide information and evidence that police in Mr. Kowalczyk's case had no objective basis to be concerned that a possible handgun in his luggage could fire on its own and thus the police had no basis to conduct a search of his luggage without a search warrant.

After discussing this request with Ms. Manes, she said it would be a waste of e her time to try and find an expert that would provide such evidence. Mr.

1

Kowalczyk did not agree. With the help of family members several highly experienced firearm expert were found that could help Mr. Kowalczyk's case. Mr. Daniel G. O'Kelly was hired as the best of the candidates and commissioned to address several key questions related to the possibility of a handgun in luggage firing on its own. An Opinion was ultimately prepared by Mr. O'Kelly which is extremely compelling that the possibility of a handgun in luggage firing on its own is infinitesimal.

Mr. Kowalczyk presented Mr. O'Kelly's Opinion to Ms. Manes and Mr. Costello and requested that their office contract with Mr. O'Kelly and cover the costs for him to testify at the November 13/14 hearing in which the suppression motion issue will be addressed. Ms. Hay of the Federal Defender's office approved the funding.

## ISSUE CAUSING MR. KOWALCZYK TO REQUEST RESTRICTING GOVERNMENT FROM USING MATERIAL FROM MR. O'KELLY FILES THAT IS PROHIBITED BY THE FEDRAL RULES OF CRIMINAL PROCEDURE

After the Federal Defender's office contracted with Mr. O'Kelly, Mr. Kowalczyk learned from Ms. Manes that she has requested and obtained Mr. O'Kelly's complete file of material relating to preparing his Opinion. This even included some material Mr. O'Kelly has received from Mr. Kowalczyk and his father acting as his agent that Mr. O'Kelly said he has not even read. Mr. Kowalczyk is of the understanding that Ms. Manes was going to turn this material over to the Government before or at the hearing. This would include numerous drafts of Mr. O'Kelly's Opinion, and correspondence with Mr. Kowalczyk and his agent. **THIS IS A CLEAR VIOLATION OF FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 16(b)(2) REGARDING INFORMATION NOT SUBJECT TO DISCLOSURE.** This provision states:

> "Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:

2

        (A) reports, memoranda, or other document made by the defendant, or the defendant's attorney or agent during the case's investigation or defense;
        (B) a statement made to the defendant, or the defendant's attorney or agent, by:
           (i) the defendant;
           (ii) a government or defense witness; or
           (iii) a prospective government or defense witness.

In the case of the suppression motion Mr. Kowalczyk is acting in a hybrid attorney role and Mr. O'Kelly is his agent as is Mr. Kowalczyk's father. Mr. O'Kelly is also an agent for the defense attorneys.

The only information Mr. O'Kelly is legally required to disclose to the Government is the underlying facts and data that supports his final opinion submitted to the Court according to Federal Rule of Evidence 705. Mr. O'Kelly has been very careful to provide the underlying facts and data that support his opinion in his Opinion document in the form of Web sites, exhibits and other citations. Should there be some opinion that the Government feels Mr. O'Kelly has not provided facts or data to support it is fair for the Government to request them from Mr. O'Kelly in cross examination.

The restrictions on disclosure of an expert's work products has been necessary because of the great abuse, confusion and attempts to discredit experts in the past that occurred when such material was being disclosed. A long article on this subject entitled "Work Product Protection for Draft Expert Report and Attorney-Expert Communications" was presented at the American Bar Association 2015 Section on Litigation Annual Conference.[1]

---

[1] https://www.americanbar.org/content/dam/aba/administrative/litigation/materials/2015-sac/written_materials/8_1_work_product_protection_for_draft_expert_reports.pdf

## ISSUE THAT WOULD CAUSE MR. KOWALCZYK TO REQUEST MR. O'KELLY, WHO HE REQUESTED TO TESTIFY, TO BE WITHDRAWN FROM TESTIFYING

If the Court will not restrict the Government from using material in Mr. O'Kelly's file that is prohibited by Federal Rules of Criminal Procedure, Rule 16(b)(2) in its cross examination of Mr. O'Kelly, then Mr. Kowalczyk, in his hybrid attorney role who requested Mr. O'Kelly as a witness, wishes to exercise his right to withdraw Mr. O'Kelly from testifying. Mr. Kowalczyk does not want to see the record extensively muddled and distorted on the issue by the Government's cross examination using the expert's work products such as reports and memoranda or other documents made by the defendant or his agent. Mr. Kowalczyk would rather rely on the existing information he has provided in his motion to suppress.

November 14, 2018
    Date

/s/ Andrew Kowalczyk
Andrew Kowalczyk
Defendant and Hybrid Attorney
for Suppression Motion

4